UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RASHEEN DELONEY,

    Petitioner,

vs.

BRIAN WILLIAMS, SR., *et al.*,

    Respondents.

Case No. 2:14-cv-00510-JCM-NJK

**ORDER**

    This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the court on respondents' motion to dismiss the petition. (ECF No. 8).

**I. Procedural History**

    In the Eighth Judicial District for the State of Nevada, Clark County, petitioner was charged with the following felonies: count 1, possession of a controlled substance with intent to sell; count 2, possession of a short barreled rifle; and count 3, possession of a firearm by an ex-felon. (Exhibits 5 & 6).[1] Petitioner was tried by a jury in a bifurcated trial, thereby separating the jury's consideration of the ex-felon in possession charge from the other charges. (Exhibits 7, 8, 10, 11, 13). The jury found petitioner guilty of counts 1, 2, and 3. (Exhibits 10 & 13). Petitioner was sentenced as follows: count 1, 24-60 months imprisonment; count 2, 19-48 months imprisonment

---

[1] The exhibits referenced in this order are found in the court's record at ECF No. 9.

with count 2 running consecutive to count 1; and count 3, 28-72 months imprisonment with count 3 running consecutive to count 2. (Exhibit 14). The judgment of conviction was filed on May 27, 2011. (*Id.*). Petitioner appealed his convictions. (Exhibit 15). In the fast track statement, petitioner argued that there was insufficient evidence to convict him of each count. (Exhibit 16). By order filed January 12, 2012, the Nevada Supreme Court affirmed petitioner's convictions. (Exhibit 18). Remittitur issued on February 6, 2012. (Exhibit 19).

On January 30, 2013, petitioner filed a *pro se* post-conviction habeas petition in the state district court. (Exhibit 20). The state district court denied the post-conviction habeas petition by order filed July 1, 2013. (Exhibit 22). Petitioner appealed the denial of his post-conviction petition. (Exhibit 23). On February 12, 2014, the Nevada Supreme Court entered an order affirming the denial of petitioner's post-conviction habeas petition. (Exhibit 24). Remittitur issued on March 31, 2014. (Exhibit 25).

Petitioner dispatched his federal petition to this Court on April 1, 2014. (ECF No. 5, at p. 1). Petitioner's federal petition presents the same five grounds as he presented in his post-conviction petition filed in the state district court. In fact, the federal petition consists of photocopied pages of the post-conviction petition filed in the state district court. (*Compare* ECF No. 5, at pp. 4-58 *with* Exhibit 20, at pp. 7-53). In the motion to dismiss, respondents argue that certain grounds of the federal petition are procedurally defaulted and unexhausted. (ECF No. 8). Petitioner filed an opposition to the motion to dismiss. (ECF No. 11).

**II. Discussion**

    **A. Procedural Default**

Respondents contend that the claims made in grounds two and three of the federal petition were procedurally defaulted in state court, and are therefore procedurally barred from consideration by this federal court.

        **1. Procedural Default Principles**

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state

ground doctrine. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see also King v. Lamarque,* 464 F.3d 963, 966-67 (9th Cir. 2006). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735 (there is no independent state ground for a state court's application of procedural bar when the court's reasoning rests primarily on federal law or is interwoven with federal law).

**2. Analysis Regarding Independent and Adequate State Grounds**

**A. Ground Two**

In ground two of the federal petition, petitioner alleges that the trial court made several errors that denied his right to a fair trial and due process. (ECF No. 5, at pp. 36-47). Petitioner presented these same claims, verbatim, in his state post-conviction petition. (Exhibit 20, at pp. 37-48). The Nevada Supreme Court found the claims procedurally defaulted, as follows: "These claims could have been raised on direct appeal and appellant failed to demonstrate cause for the failure to do so and actual prejudice. *See* NRS 34.810(1)(b)." (Exhibit 25, at p. 7). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d

1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). This court finds that petitioner's claims in ground two of the federal petition were procedurally defaulted by the Nevada Supreme Court on independent and adequate state law grounds. The claims within ground two are subject to dismissal as procedurally barred, unless petitioner can show good cause and prejudice to excuse the default, or show that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice," as discussed *infra*.

### B. Ground Three

In ground three of the federal petition, petitioner alleges that there was insufficient evidence to support his conviction. (ECF No. 5, at pp. 50-52). On direct appeal, petitioner presented his claim of insufficiency of the evidence in his fast track statement. (Exhibit 16, at pp. 7-9). In an order filed January 12, 2012, on direct appeal, the Nevada Supreme Court considered and denied petitioner's claim of insufficiency of the evidence. (Exhibit 18).

Petitioner again presented a claim of insufficiency of the evidence in his state post-conviction petition. (Exhibit 20, at pp. 49-51). In ruling on petitioner's appeal from the order denying the state post-conviction petition, the Nevada Supreme Court applied the doctrine of the law of the case, noting that it had previously considered and rejected the claim of insufficiency of the evidence on direct appeal. (Exhibit 24, at pp. 7-8). "When a state court refuses to readjudicate a claim on the ground that it has been previously determined, the court's decision does not indicate that the claim been procedurally defaulted. To the contrary, it provides strong evidence that the claim has already been given full consideration by the state courts and thus is ripe for federal adjudication." *See Cone v. Bell*, 556 U.S. 449, 467 (2009); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 804, n.3 (1991) (observing that when a state court declines to revisit a claim it has already adjudicated, the effect of the later decision on the availability of federal habeas is "nil"). The Nevada Supreme Court's application of the law of the case doctrine constituted recognition that petitioner's insufficiency of the evidence claim had already been considered on the merits. The court therefore rejects respondents' argument that ground three of the federal petition was procedurally defaulted in state court.

/ / / / / / / / / / /

### 3. Cause and Prejudice

This court has found, *supra*, that the claims within ground 2 of the federal petition were procedurally defaulted on independent and adequate state law grounds. To overcome a claim that was procedural defaulted in state court, a petitioner must establish either (1) cause for the default and prejudice attributable thereto or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

In this case, petitioner asserts that the ineffective assistance of appellate counsel, as alleged in ground four of the federal petition, constitutes cause and prejudice to excuse the procedural default of ground two. (ECF No. 5, at p. 55; ECF No. 11, at pp. 2-4). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. Petitioner alleges that appellate counsel was ineffective for failing to present his claims of trial error on direct appeal. (ECF No. 5, at p. 55). Petitioner presented his claim of ineffective assistance of appellate counsel to the state courts in his post-conviction petition. (Exhibit 20, at p. 52). As such, petitioner's claim of ineffective assistance of appellate counsel is available to petitioner as cause to excuse the procedural default of ground two.

The court has determined that the analysis of cause and prejudice in this case is closely related to the analysis on the merits of the case. Therefore, the Court will defer ruling on cause and prejudice until the merits are fully briefed.

### B. Exhaustion

Respondents argue that ground three of the federal petition is unexhausted. As noted, *supra*, in ground three of the federal petition, petitioner alleges that there was insufficient evidence to support his conviction. (ECF No. 5, at pp. 50-52). Respondents acknowledge that petitioner presented insufficiency of the evidence claims to the Nevada Supreme Court in his fast track statement on direct appeal and in his state post-conviction habeas petition. (ECF No. 8, at p. 7; Exhibit 16, at pp. 7-9; Exhibit 20, at pp. 49-51). Respondents argue that the direct appeal brief did not properly exhaust the insufficiency of the evidence claim because it made reference to state law, rather than federal law.

A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). In the Ninth Circuit, a petitioner must make the federal basis of the claim explicit by either referencing specific provisions of the federal constitution or statutes, or citing to federal case law. *Castillo v. McFadden*, 399 F.3d 993, 999; *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), as modified by 247 F.3d 904 (9th Cir. 2001). "In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis." *Fields v. Waddington*, 401 F.3d 1018, 1021-22 (9th Cir. 2005). If a petitioner cites a state case that analyses a federal constitutional issue, that federal issue is fairly presented. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) ("for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue").

In the instant case, on direct appeal, petitioner argued that the evidence presented at trial was insufficient to support his convictions. (Exhibit 16). While it is true that petitioner's fast track statement cited state law, the state cases cited to and analyzed the federal standard for insufficiency of the evidence, as stated in *Jackson v. Virginia*, 443 U.S. 307 (1979). When a habeas petitioner

-6-

challenges the sufficiency of evidence to support his conviction, the court reviews the record to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 319. Petitioner's fast track statement on direct appeal states: "To determine the sufficiency of the evidence, the court considers 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt,'" citing to and quoting *Mejia v. State*, 122 Nev. 487, 134 P.3d 722 (2006). (Exhibit 16, at pp. 7-8). In *Mejia v. State*, the Nevada Supreme Court set forth the federal standard applied to insufficiency of the evidence claims, as follows: "In determining the sufficiency of the evidence below, the critical question is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Mejia v. State*, 122 Nev. 487, 492, 134 P.3d 722, 725, n. 13 (citing *Koza v. State*, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984) (quoting *Jackson v. Virginia*, 443 U.S. at 319)). Petitioner's fast track statement also cites to *Batin v. State*, 118 Nev. 61, 38 P.3d 880 (2002). (Exhibit 16, at p. 8). In *Batin v. State*, the Nevada Supreme Court set forth the federal standard for insufficiency of the evidence and cited directly to *Jackson v. Virginia*, 443 U.S. 307. *Batin v. State*, 118 Nev. at 64-65; 38 P.3d at 883. Because petitioner's fast track statement on direct appeal cites state cases that analyze the federal constitutional standard for insufficiency of the evidence, as announced in *Jackson v. Virginia*, the federal nature of the claim was fairly presented to the Nevada Supreme Court. *See Peterson v. Lampert*, 319 F.3d at 1158.

Moreover, the court rejects respondents' contention that the Nevada Supreme Court decided petitioner's insufficiency of the evidence claim "on state law grounds." (ECF No. 8, at p. 7, lines 20-21). In the order of affirmance filed January 12, 2012, the Nevada Supreme Court set forth the applicable legal standard as follows: "In reviewing the sufficiency of the evidence, we must decide 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Rose v. State*, 123 Nev. 194, 202, 163 P.3d 408, 414 (2007) (quoting *Origel-Candido v. State*, 114 Nev.

378, 381, 956 P.2d 1378, 1380 (1998)).  (Exhibit 18, at p. 1).  The federal legal standard for insufficiency of the evidence is set forth in the Nevada Supreme Court's decision in *Origel-Candido v. State*, 956 P.2d at 1380, quoting and citing *Koza v. State*, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984) (quoting *Jackson v. Virginia*, 443 U.S. at 319).  As such, the Nevada Supreme Court, in its order of January 12, 2012, decided the insufficiency of the evidence claim based on federal grounds, not state law grounds, as respondents contend in their motion to dismiss.  This court rejects respondents' argument that ground three of the federal habeas petition, alleging insufficiency of evidence, is unexhausted.  Respondents are required to file an answer to ground three, and to all claims made in the federal habeas petition.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 8) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents **SHALL FILE** an answer to all grounds of the federal petition within **thirty (30) days** of the entry of this order.  The answer shall substantively address the merits of all grounds of the federal petition.  The answer shall also address cause and prejudice issues, as applicable to the procedural default of ground two of the federal petition.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE** a reply to the answer within **thirty (30) days** of being served with the answer.  The reply shall respond to the answer and substantively address the grounds of the federal petition.  The reply shall also address cause and prejudice issues, as applicable to the procedural default of ground two of the federal petition.

Dated July 27, 2015.

_____
UNITED STATES DISTRICT JUDGE

-8-